**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**
_____

GEORGE LEON SMITH,

     Plaintiff,

v.                               Civil No. 04-954 WJ/LFG

AMERICAN TELEPHONE &
TELEGRAPH COMMUNICATIONS, INC.,
a/k/a AT&T COMMUNICATIONS, INC.,
a Delaware Corporation,

     Defendant.

**MEMORANDUM OPINION AND ORDER CONCLUDING
THAT PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED,
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
PERMITTING PLAINTIFF TO AMEND HIS COMPLAINT AND
DENYING PLAINTIFF'S MOTION TO REMOVE TO ARBITRATION**

THIS MATTER comes before the Court pursuant to Defendant AT&T's Motion for

Summary Judgment [Docket No. 27] and Plaintiff's Motion to Remove Case to Arbitration

[Docket No. 29].  Having reviewed the submissions of the parties and being fully advised on the

law, I find that Plaintiff's state law claims are preempted but that Defendant's motion for

summary judgment will be denied, that Plaintiff will be permitted to amend his complaint to bring

claims pursuant to § 301 of the Labor Management Relations Act, and that Plaintiff's motion to

remove the case to arbitration will be denied.

**BACKGROUND**[1]

Plaintiff George Leon Smith was employed as a communications technician by Defendant from approximately June 1973 to April 2001. Plaintiff's employment was terminated April 26, 2001 following an investigation by Defendant into allegations that Plaintiff had engaged in theft of company property.

Plaintiff was employed under a Collective Bargaining Agreement (CBA) between Defendant and Plaintiff's Union, the Communications Workers of America (Union). The CBA included a Code of Conduct governing the behavior of employees. Theft of company property was prohibited by the Code of Conduct. The CBA also included a grievance procedure including an arbitration procedure to "provide the mutually agreed upon and exclusive forums for resolution and settlement of employee disputes during the term of this Agreement." Defendant's Exhibit A. The term of the CBA was from May 10, 1998 through May 11, 2002.

The grievance procedure set forth in the CBA provides for three steps of consideration of a grievance regarding an employee dispute followed by arbitration if arbitration is sought and pursued by the Union. In the event an employee was dismissed, the CBA provided that the Union had the right to appeal the dismissal through the grievance procedures. Once the three step grievance procedure was completed, the Union had the right to seek arbitration by submitting a notice of election to arbitrate. The Union was then required to pursue the arbitration by filing an application to the American Arbitration Association within 120 days of submitting  the notice of

_____

[1]Plaintiff's Response to Defendant's Motion for Summary Judgment did not dispute any of Defendant's proposed Undisputed Material Facts and submitted no evidence to show a disputed issue of material fact with regard to those facts. Therefore, for purposes of this Memorandum Opinion and Order, Defendant's Undisputed Material Facts are deemed admitted. See Fed. R. Civ. P. 56; D.N.M.LR-Civ. 56.1(b).

election.  If the Union failed to pursue the arbitration, the grievance and election to arbitrate were "considered closed and the grievance shall not be arbitrable."  Defendant's Exhibit A.

Following the termination of Plaintiff's employment, Plaintiff's Union filed a grievance against Defendant.  That grievance was prosecuted through all three stages of the grievance procedure set forth in the CBA.  The Union then submitted a notice of election to arbitrate. However, the Union never pursued the arbitration in accordance the CBA by filing within 120 days an application with the American Arbitration Association.  Thus, Plaintiff's case was closed as not arbitrable.

On July 20, 2001, Annie Rogers, the Union President for Local 7050 Communications Workers of America, signed an affidavit with a preamble making clear it was intended for the National Labor Relations Board (NLRB).  The face of the affidavit shows it was intended to address charges made by Ms. Rogers to the NLRB in which she alleged that Defendant refused to provide information to the Union that was necessary to the processing of a grievance on behalf of Plaintiff.[2]

Plaintiff filed a Complaint in the Tenth Judicial District Court of the State of New Mexico in April 2004.  Defendant timely removed the case to this Court alleging both diversity and federal question subject matter jurisdiction.  Plaintiff's Complaint alleges claims for wrongful termination, breach of contract and negligent infliction of emotional distress (NIED).  Among the facts alleged in Plaintiff's Complaint is that Plaintiff was  employed with Defendant under a Collective Bargaining Agreement.  It is the alleged breach of the CBA that forms Plaintiff's claim for breach

---

[2]The face of the affidavit does not show whether this affidavit was actually filed in a case with the NLRB, but whether it was filed is not relevant or material for purposes of this case.

of contract.  Plaintiff's Complaint also alleges that he filed a grievance with his Union, and that Plaintiff did not appeal the Defendant's decision against reinstatement.

Defendant filed the instant motion for summary judgment arguing that Plaintiff's claims for wrongful termination and breach of contract are completely preempted by the Labor Management Relations Act, 1947, § 301(a) (hereinafter LMRA), 29 U.S.C. § 185(a).  Defendant also argues that Plaintiff's NIED claim is preempted or fails to state a claim under New Mexico law. Plaintiff's Response to the motion for summary judgment concedes that the breach of contract and wrongful termination claims are preempted.  Plaintiff also concedes that New Mexico does not recognize a claim for negligent infliction of emotional distress but asks that the Court recognize the claim as a plain vanilla negligence claim and remand that claim to the state court.

Along with Plaintiff's Response, Plaintiff filed a concurrent motion to remove this case to arbitration.  In this motion, Plaintiff acknowledges that the CBA between himself and Defendant had provisions making the grievance procedure and arbitration provisions of the CBA the exclusive means of resolving employee disputes.  Plaintiff then contends that the Union was prevented from proceeding to arbitration on his behalf because Defendant withheld information requested by the Union that was necessary for the Union to effectively represent Plaintiff during the grievance procedure.  Plaintiff argues that Defendant's refusal to provide the requested information evidenced bad faith on the part of Defendant and a denial of Plaintiff's right to proceed to arbitration.  Accordingly, Plaintiff requests that his case be "removed" to arbitration pursuant to the arbitration provisions of the CBA.

**LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Worrell v. Henry, 219 F.3d 1197, 1204 (10th Cir. 2000).  In ruling on a motion for summary judgment, a Court does not weigh the evidence, but determines whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Jeffries v. State of Kansas, 147 F.3d 1220, 1228 (10th Cir. 1998).  In making this determination, the Court must construe all the facts in the record and reasonable inferences that can be drawn from those facts in a light most favorable to the nonmoving party.  Worrell, 219 F.3d at 1204; Jeffries, 147 F.3d at 1228.  Before the burden shifts to the nonmoving party to demonstrate a genuine issue, the moving party must meet its initial burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

**DISCUSSION**

I.      ARE PLAINTIFF'S STATE LAW CLAIMS PREEMPTED BY THE LABOR
        MANAGEMENT RELATIONS ACT, 1947 § 301(a)?

State law claims are preempted by the LMRA when the evaluation of the state claim is inextricably intertwined with consideration of the terms of a CBA.  Karnes v. The Boeing Company, 335 F.3d 1189, 1192 (10th Cir. 2003).  Thus, if a state law claim cannot be resolved without interpreting the terms of a CBA, the state law claim is preempted.  Id.

As noted above, Plaintiff's response to Defendant's motion for summary judgment concedes that his claims for breach of contract and wrongful termination are completely preempted by the LMRA.  Even absent Plaintiff's concession, the Court would conclude that

these claims are preempted.  Plaintiff's breach of contract claim alleges that Defendant breached the terms of the CBA.  Obviously, the Court would have to interpret the terms of the CBA in order to resolve the breach of contract claim, and the breach of contract claim is therefore preempted.  Plaintiff's claim for wrongful discharge alleges that Plaintiff's termination was for conduct that was not a violation of the CBA or the Code of Conduct therein and thus was termination without cause.  In order to determine whether Plaintiff's termination was without cause, the Court would be required to interpret the CBA and its Code of Conduct.  Thus, Plaintiff's state law claim for wrongful termination is preempted.

Defendant makes two arguments for summary judgment on Plaintiff's state law claim for negligent infliction of emotional distress.  Defendant first argues that the courts of New Mexico do not recognize a claim for negligent infliction of emotional distress.  Secondly Defendant contends that the claim for negligent infliction of emotional distress, even if it were a claim, would be preempted by the LMRA.

Plaintiff's response to the motion for summary judgment concedes that his claim for negligent infliction of emotion distress is not recognized in New Mexico but argues that this Court should permit the claim to proceed as a negligence claim and remand that claim to state court. Plaintiff presents no legal authority to support his argument that an NIED claim may be magically transformed into a negligence claim.  Nor is there any support for a remand of such a claim without examining the issue of preemption.[3]

_____

[3]Plaintiff's response to the motion for summary judgment does not even address Defendant's contention that the NIED claim is preempted by LMRA.

Even if the Court were to find that Plaintiff's NIED claim could be amended to state a negligence claim based on the same alleged facts, the claim would be preempted. Plaintiff's NIED claim alleges that Plaintiff suffered emotional distress as a result of his termination without cause. As noted above, the Court would be required to interpret the terms of the CBA in order to determine whether Plaintiff's termination was without cause. Accordingly, the evaluation of Plaintiff's NIED claim is inextricably intertwined with the consideration of the terms of the CBA, and Plaintiff's NIED claim is preempted.

II.   WHAT IS THE EFFECT OF THE PREEMPTION OF PLAINTIFF'S STATE LAW CLAIMS?

Defendant's motion for summary judgment argues that Defendant is entitled to summary judgment because Plaintiff's state law claims are preempted by federal law. However, it appears to the Court that summary judgment is not the legal effect of preemption. "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220-221 (1985). The effect of preemption is to confer federal subject matter jurisdiction over claims attempted to be brought pursuant to state law and to require that federal law be applied to the analysis of those claims. Id. Defendant has the initial burden at the summary judgment stage of showing entitlement to judgment as a matter of law. Defendant has made no argument explaining the leap from preemption to judgment or supporting Defendant's contention that the direct and immediate result of preemption is an entitlement to judgment. Accordingly,

Defendant has failed to meet its burden of showing that it is entitled to judgment as a matter of law, and summary judgment will be denied.

That does not end the inquiry in this case, however, because preemption must result in either a consideration of Plaintiff's claims under § 301 or a dismissal of those claims.  See Allis-Chalmers Corp., 471 U.S. at 220-21; Garley v. Sandia Corp., 236 F.3d 1200, 1215 (10th Cir. 2001).  Accordingly, the Court will permit Plaintiff 30 days to amend his complaint to allege his claims under § 301.  If Plaintiff fails to file an amended complaint alleging claims under § 301, his Complaint will be dismissed without prejudice.

III.   PLAINTIFF'S MOTION TO REMOVE TO ARBITRATION

In an apparent attempt to avoid the consequences of preemption, Plaintiff filed a motion to remove his case to arbitration.  In his motion, Plaintiff argues that the initial failure of the Union to proceed with arbitration was the fault of the Defendant because Defendant failed to provide information requested by the Union.  Plaintiff's motion provides no legal argument or authority showing that he would be entitled to remove this case to arbitration based on his allegations.  This Court will not address a motion that has not been even minimally supported by legal argument and authority.  See Phillips v. Calhoun, 956 F.2d 949, 953 (10th Cir. 1992).  Accordingly, Plaintiff's motion will be denied.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant AT&T's Motion for Summary Judgment [Docket No. 27] is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff file an amended complaint within 30 days of the date this Order is filed alleging claims under § 301 of the LMRA.  If Plaintiff fails to file an

8

amended complaint within 30 days, his Complaint will be dismissed without prejudice based on the preemption of his state law claims.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remove Case to Arbitration [Docket No. 29] is hereby DENIED.

UNITED STATES DISTRICT JUDGE